[Civ. No. 7098. First Appellate District, Division Two.—October 25, 1929.]

FRANK LINLEY WOOD, Appellant, v. CELESTE NELLIS–RYUS, Respondent.

Porter & Sutton for Appellant.

Erwin P. Werner for Respondent.

NOURSE, J.—Plaintiff sued for damages, claiming breaches of several covenants relating to real property. Defendant had judgment and the plaintiff has appealed on a bill of exceptions.

Plaintiff is the owner of lot 6 and of a portion of lot 8 in what is known as Laughlin Park in the city of Los Angeles. Defendant is the owner of a portion of lot 9 of the same tract. The Laughlin Park Company, a corporation, in 1913 subdivided and platted the tract in which the properties are located and issued deeds which uniformly contained restrictions and covenants relating to the use and occupation of the lots by the grantees and their successors in interest. These deeds provided that "the breach of any of the foregoing conditions shall cause said premises to revert to the said grantors, its successors and assigns, each of whom respectively shall have the right of immediate re-entry upon said premises in the event of any such breach."

The portion of lot 9 owned by the defendant fronted on the DeMille Road and sloped down to the rear at a steep pitch. The plaintiff, feeling aggrieved because the defendant had constructed a residence upon her lot with a garage in front at the street level, instituted this proceeding on the theory that the defendant had breached some of the covenants and conditions contained in the original grant of the park company. The cause was fairly tried before the court sitting without a jury and the court found in each instance claimed that there had been no breach.

On this appeal the appellant merely asserts in a general way that these findings are not supported by the evidence, but he does not cite any evidence which would require a different finding. On the other hand, the respondent cites evidence supporting each finding under attack and this should be sufficient to support the judgment if it were not that the finding covering the restrictions contained in the lot owners' agreement partakes of the nature of a conclusion of law. Thus the finding that it was untrue that the defendant had violated the restrictions by building a home on the premises which had only forty feet frontage on the street carries an interpretation of the meaning and effect of this restriction. ■ The facts are that in May, 1921, the lot owners, including plaintiff and the predecessor of the defendant, executed and caused to be recorded an agree-

ment placing additional restrictions upon the use of the lots located in the tract. One of these restrictions was ''That no sale of said lands shall be made so that the street frontage of any portion of any lot so sold shall be less than sixty feet.'' The predecessor of defendant who signed this agreement had purchased from the park company a portion of lot 9—the southerly boundary of which was described as running ''along the arc of a curve concave to the south, with a radius of 67 feet, along the southerly line of said lot 9, 40 feet to a point.'' The same lot with the same description was conveyed to defendant's husband, who conveyed it to the defendant by deed of gift. The suit being against the present owner of the property and the restriction being one against the sale of the lands only, the defendant cannot be charged with a breach of this restriction on the sale of the property, nor can she be charged with the breach of any unwritten implied covenant or condition because she uses the land which she thus acquired. The restriction upon the sale of lots, which was contained in the agreement, but not in the original deeds, cannot have any other meaning than that the owner of lands in the tract should not be permitted to so subdivide his holdings as to transfer any portion of his property having less than a sixty-foot frontage. To apply the restriction to prevent the transfer of a lot which had less than that frontage at the time of the agreement and which was then held in private ownership would render the agreement unreasonable and unenforceable as a perpetual restraint against alienation of property.

As to the restrictions contained in the deeds the express language which we have quoted herein declares the original grantor to be the reversioner and there is nothing in the deeds to indicate an intention to carry this right on to the grantees. Such being the case, the appellant herein has no right of action. (*Werner* v. *Graham*, 181 Cal. 174, 179 [183 Pac. 945]; *McBride* v. *Freeman*, 191 Cal. 152, 154 [215 Pac. 678].)

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.